Nash, J.
The case is as follows: The defendant was charged by the State, with being the father of the bastard child of Elizabeth Luther. The warrant bears date the 16th of September, 1848, and was duly returned, and the defendant bound over to the County Court. At February Term 1850, of the Court, the following entry is made: “ Compromised. Defendant enters into bond and is to pay all costs.” And, at the same Term, judgment is granted against the defendant for $20, to be paid instanter to Elizabeth Luther. At May Term, 1851, a notice was returned into Court notifying the mother of the child, that a motion would be made, at that Term, by the defendant, to set aside the allowance made in her favor against him, for the support of her bastard child, with which he was charged. At August Term 1851, the Court adjudged, that the order, making the allowance, should be set aside. An appeal was then taken by the Attorney for the State; and in the Superior Court, it was adjudged, that the County Court erred in setting aside the judgment in favor of the plaintiff, upon the ground, that they had no power to do so. The Court then proceeded to give a judgment against the defendant for the $20, and the costs.
In reversing the judgment of the County Court, his Honor committed no error. The County Court had no such power. Elizabeth Luther had charged the defendant on oath, with being the father of her bastard child, then born, and he had *243 confessed it and given bond according to law. The Court had adjudged the fact so to be. It then became their official duty to provide for the maintenance of the child, and to pass such orders as would secure the county from being charged. Accordingly the Court made an order, that the defendant should pay the mother of the child twenty dollars. This was a.judgment, which the Court had no power to deprive the woman of, it being the judgment of a Court of record, regularly made. If the Court had the power claimed for it, we see no reason why they should not have the power, on motion, to set aside any judgment at any subsequent Term, upon being satisfied that it was founded on a mistake, either in a matter of law, or fact. His Honor, however, erred in giving judgment for the Twenty Dollars. A judgment for that allowance already existed in the County Court; and all he could do was to order a procedendo to that tribunal to proceed to execute the law.
The judgment of the Superior Court for Twenty Dollars against the defendant is reversed; and the judgment is affirmed as to the power of the County Court to rescind the order of February Term 1850, and as to the costs.
This opinion will be certified to the Superior Court of Randolph County, with directions to issue a procedendo to the County Court.
Per Curiam. Ordered accordingly.